UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00135-TBR

MARGARET MACGLASHAN                                                                      Plaintiff

v.

ABS LINCS KY, INC. D/B/A                                                                Defendant
CUMBERLAND HALL HOSPITAL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff Margaret MacGlashan's motion for declaratory judgment. (Docket #24). Defendant ABS Lincs KY, Inc. has responded. (Docket #35). Plaintiff has replied. (Docket #38). These matters now are ripe for adjudication. For the reasons that follow, Plaintiff's motion for declaratory judgment (Docket #24) will be DENIED.

## BACKGROUND

This case arises from the termination of Margaret MacGlashan as an employee of ABS Lincs KY, Inc., doing business as Cumberland Hall Hospital ("Cumberland Hall").

On June 6, 2013, MacGlashan was working as a nurse manager when she was notified that a patient with a known sulfa allergy had been given multiple doses of a sulfa-based antibiotic. (Docket #1). MacGlashan had the patient transferred to Blanchfield Army Community Hospital ("Blanchfield Hospital") for immediate medical care. MacGlashan then met with Cumberland Hall's CEO Jim Spruyt and Director of Nursing Sharon Shemwell to discuss the medical error. Spruyt instructed MacGlashan to

check on the Plaintiff's status at Blanchfield Hospital. That evening, MacGlashan called Blanchfield Hospital and texted Spruyt what she had learned. (Docket #1).

The parties disagree about what occurred next. MacGlashan alleges she carried out Spruyt's order to investigate by taking the patient's medical records home to study and then personally visiting the patient the next day at Blanchfield Hospital. She claims Spruyt and Cumberland Hall became concerned about the negative attention her investigation might attract and suspended her. Plaintiff claims she was fired on the false allegation that she violated HIPAA. (Docket #24, 25). Conversely, Cumberland Hall argues that MacGlashan was only authorized to call Blanchfield Hospital on the evening of June 6, 2013. Cumberland Hall claims MacGlashan unilaterally chose to personally visit the patient and that Blanchfield Hospital complained about this visit to Cumberland Hall. Cumberland Hall also says that MacGlashan had taken portions of the patient's medical records without authorization. Cumberland Hall argues that MacGlashan violated HIPAA and Cumberland Hall fired her for this reason. (Docket #21, 35).

Cumberland Hall suspended MacGlashan on June 7, 2013. On June 13, MacGlashan received a call from Shemwell and Human Resources Manager Kelly Hagy. Hagy informed MacGlashan that Cumberland Hall had decided to fire MacGlashan on the grounds that she violated HIPAA. (Docket #1).

MacGlashan subsequently filed for unemployment benefits. Her claim was denied after Cumberland Hall disputed the unemployment claim by stating MacGlashan had been fired for violating HIPAA. (Docket #1).

MacGlashan claims that Cumberland Hall wrongfully terminated her and defamed her by saying she violated HIPAA. MacGlashan now moves for a declaratory judgment that she did not violate HIPAA.

STANDARD

The Declaratory Judgment Act ("Act") allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration. . . . Any such declaration shall have the force and effect of a final judgment." 28 U.S.C. §2201(a). The purpose of the Act is to "adjudicate controversies between parties before a conflict blossoms into a larger and more costly claim." *Albie's Foods v. Menusaver, Inc.*, 170 F. Supp. 2d 736, 738 (E.D. Mich. 2001) ("The Act enables 'parties to adjudicate disputes before either suffers great damage.'") (*quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 57.03[2] (3d ed. 1999)).

The Act is an enabling act that "confers a discretion on the courts" to act "rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (*quoting Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). In other words, the Act authorizes district courts to exercise jurisdiction, but does not impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir.2004); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 276 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). A district court may not decline jurisdiction, however, as a matter of whim or personal disinclination. *Mercier*, 913 F.2d at 277.

There are two "principal criteria" a court may consider in deciding whether to exercise jurisdiction: "(1) when the judgment will serve a useful purpose in clarifying

and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (*quoting* E. BORCHARD, DECLARATORY JUDGMENTS 299 (2d ed. 1941)). "It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed." *Id*.

DISCUSSION

MacGlashan has requested this Court determine whether MacGlashan violated HIPAA when she:

1. As a nurse manager for Cumberland Hall Hospital ("CHH") visited a patient who had been transferred to Blanchfield Army Community Hospital ("BACH") with some of the patient's medical records from CHH in her possession; and

2. At the request of CHH's Chief Executive Officer provided him with a report about the patient's condition and her visit with that patient at BACH?

(Docket #24).

The Court will decline to grant declaratory relief at this time because MacGlashan's request requires the Court to make factual determinations which are inappropriate at this stage of litigation.

A declaratory action may be used to clarify the "legal relations in issue." *Grand Trunk*, 746 F.2d at 326. However, if material facts are still in dispute, a declaratory judgment may be ineffective at defining the legal relations between the parties. *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (Sixth Cir. 1986) ("Because of the multiple complex disputed factual issues in the case . . . we think it unlikely that declaratory judgment would serve a useful purpose in clarifying the legal issues

4

involved."); *Preferred Shippers, Inc. v. Triple T Transp., Inc.*, 2008 U.S. Dist. LEXIS 47828 *14 (S.D. Ohio, 2008) ("that controversy does not involve a determination of legal relationships among the parties or questions of law that could resolve the case by a declaratory judgment. Instead, the controversy is a hotly disputed question of fact"); *Supply Network, Inc. v. Victaulic Co.*, 2009 U.S. Dist. LEXIS 104184 *8 (W.D. Mich. 2009) ("Since the duty to defend may rest on different legal, and even factual, considerations from the question of indemnity, it is conceivable that any declaratory relief granted would be of limited effect in conclusively resolving the controversy presented").

Although MacGlashan says she presents the Court with "two questions of law," these questions first require a detailed factual inquiry before they can be answered. In MacGlashan's statement of facts she claims she acted reasonably in personally visiting the patient and taking home medical records, simply following Spruyt's instructions to investigate. (Docket #24). In Cumberland Hall's statement of the facts, MacGlashan is characterized as acting recklessly, taking homes records without authorization and "bullying" a patient at another hospital. (Docket #35). Before the Court can decide the legal issue of whether MacGlashan violated HIPAA, the factual issue of how MacGlashan acted on June 6 and 7, 2013 must be established.

Moreover, MacGlashan's request for a declaratory judgment would not "terminate and afford relief" from this controversy. *Grand Trunk*, 746 F.2d at 326. MacGlashan's claims are for wrongful termination and defamation. Whether or not MacGlashan violated HIPAA is important to each of these claims, but resolution of this issue will not terminate those claims.

## CONCLUSION

For the foregoing reasons, Plaintiff Margaret MacGlashan's motion for declaratory judgment (Docket #24) is DENIED.

cc: Counsel