UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00135-TBR

MARGARET MACGLASHAN                                                                                  Plaintiff

v.

ABS LINCS KY, INC. D/B/A                                                                            Defendant
CUMBERLAND HALL HOSPITAL

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant ABS Lincs KY, Inc.'s motion for partial dismissal. (Docket #21). Plaintiff Margaret Macglashan's has responded. (Docket #25). Defendant has replied. (Docket #34). These matters now are ripe for adjudication. For the reasons that follow, Defendant's motion for partial dismissal (Docket #21) will be DENIED.

BACKGROUND

This case arises from the termination of Margaret MacGlashan as an employee of ABS Lincs KY, Inc., doing business as Cumberland Hall Hospital ("Cumberland Hall").

On June 6, 2013, MacGlashan was working as a nurse manager when she was notified that a patient with a known sulfa allergy had been given multiple doses of a sulfa-based antibiotic. (Docket #1). MacGlashan had the patient transferred to Blanchfield Army Community Hospital ("Blanchfield Hospital") for immediate medical care. MacGlashan then met with Cumberland Hall's CEO Jim Spruyt and Director of Nursing Sharon Shemwell to discuss the medical error. Spruyt instructed MacGlashan to

check on the Plaintiff's status at Blanchfield Hospital. That evening, MacGlashan called Blanchfield Hospital and texted Spruyt what she had learned. (Docket #1).

The parties disagree about what occurred next. MacGlashan alleges she carried out Spruyt's order to investigate by taking the patient's medical records home to study and then personally visiting the patient the next day at Blanchfield Hospital. She claims Spruyt and Cumberland Hall became concerned about the negative attention her investigation might attract and suspended her. Plaintiff claims she was fired on the false allegation that she violated HIPAA. (Docket #24, 25). Conversely, Cumberland Hall argues that MacGlashan was only authorized to call Blanchfield Hospital on the evening of June 6, 2013. Cumberland Hall claims MacGlashan unilaterally chose to personally visit the patient and that Blanchfield Hospital complained about this visit to Cumberland Hall. Cumberland Hall also says that MacGlashan had taken portions of the patient's medical records without authorization. Cumberland Hall argues that MacGlashan violated HIPAA and Cumberland Hall fired her for this reason. (Docket #21, 35).

Cumberland Hall suspended MacGlashan on June 7, 2013. On June 13, MacGlashan received a call from Shemwell and Human Resources Manager Kelly Hagy. Hagy informed MacGlashan that Cumberland Hall had decided to fire MacGlashan on the grounds that she violated HIPAA. (Docket #1).

MacGlashan subsequently filed for unemployment benefits. Her claim was denied after Cumberland Hall disputed the unemployment claim by stating MacGlashan had been fired for violating HIPAA. (Docket #1).

MacGlashan claims that Cumberland Hall wrongfully terminated her and defamed her by saying she violated HIPAA. Cumberland Hall has moved to dismiss MacGlashan's defamation claim.

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434 (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

DISCUSSION

Under Kentucky law, a cause of action for defamation requires (i) defamatory language; (ii) about the plaintiff; (iii) which is published; and (iv) which causes injury to the plaintiff's reputation. *Columbia Sussex Corp. Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981). Cumberland Hall argues that MacGlashan's complaint is insufficient to demonstrate the first and third elements of a defamation claim.

I. **MacGlashan has sufficiently pled "defamatory language."**

Kentucky courts hold that language is defamatory for purposes of the first element of this test "if it tends to (1) bring a person into public hatred, contempt or ridicule; (2) cause him to be shunned or avoided; or (3) injure him in his business or occupation." *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981); *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004) ("Defamatory language is broadly construed as language that tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.") (citations and punctuation omitted).

The defamatory language in this case is Cumberland Hall's statement that MacGlashan violated HIPAA. An allegation that a nurse violated an important health

care law is detrimental both to that nurse's employment prospects and her general reputation. Accordingly, MacGlashan has sufficiently pled that Cumberland Hall used defamatory language.

> II. **MacGlashan has sufficiently pled that defamatory language was published to a third party.**

Defamatory language is "'published' when it is intentionally or negligently communicated to someone other than the party defamed." *Stringer*, 151 S.W. 3d at 794 (*quoting* RESTATEMENT (SECOND) OF TORTS § 577 (1977)).

Cumberland Hall published defamatory language when it informed the Kentucky unemployment office that MacGlashan had been fired for violating HIPAA. Cumberland Hall also published defamatory language to at least two of its employees. Cumberland Hall directed Hagy to fire MacGlashan "due to a HIPAA violation." (Docket #1). Shemwell was listening when Hagy terminated MacGlashan. Both Hagy and Shemwell heard Cumberland Hall's defamatory language that MacGlashan violated HIPAA.

> III. **MacGlashan has pled malice sufficient to overcome qualified privilege.**

"Kentucky courts have recognized a qualified privilege for defamatory statements relating to the conduct of employees." *Stringer*, 151 S.W.3d at 796; *see also Hawkins v. Miller*, 301 S.W.3d 507, 509 (Ky. App. 2009) (holding statements made in an unemployment hearing were protected by a qualified privilege). The qualified privilege rebuts the presumption of malice, "'but still leave the party responsible for both falsehood and malice if affirmatively shown.'" *Stringer*, 151 S.W.3d at 796 (*quoting Baskett v. Crossfield*, 228 S.W. 673, 675 (Ky. App. 1920)).

Cumberland Hall's statements to its employees and the Kentucky unemployment

5

office are protected by a qualified privilege. However, presuming the facts of MacGlashan's complaint are true, she has pled malice by claiming Cumberland Hall's statements were false and driven by retaliation against MacGlashan. *See Stringer*, 151 S.W.3d at 797 ("the existence of a qualified privilege merely places a 'technical burden of proof' regarding malice upon the plaintiff") (collecting cases).

Finally, to the extent Cumberland Hall argues its statements are protected by absolute immunity, Cumberland Hall is incorrect. Kentucky has expressly rejected absolute "intra-corporate immunity" for defamatory statements. *Biber v. Duplicator Sales & Serv.*, 155 S.W.3d 732, 737 (Ky. App. 2004) ("We can see no reason to insulate a corporation, its officers, or employees from liability for defamation simply because the statements were made exclusively to corporate officers or employees."). Similarly, Kentucky provides qualified immunity, not absolute immunity, to statements made in an unemployment hearing. *Compare Hawkins*, 301 S.W.3d at 509 *with Begley v. Louisville Times Co.*, 115 S.W. 2d 345 (Ky. App. 1938) (granting absolute privilege to a newspaper's *republication* of the record of an administrative proceeding).

## CONCLUSION

For the foregoing reasons, Defendant ABS Lincs KY, Inc.'s motion for partial dismissal (Docket #21) is DENIED.

cc: Counsel