UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00135-TBR

MARGARET MACGLASHAN                                                                                   Plaintiff

v.

ABS LINCS KY, INC. D/B/A                                                                              Defendant
CUMBERLAND HALL HOSPITAL

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant ABS Lincs KY, Inc.'s motion to exclude the testimony of Lisa Dahm (Docket #47). Plaintiff Margaret MacGlashan has responded. (Docket #52). Defendant has replied. (Docket #73). These matters now are ripe for adjudication. For the reasons that follow, Defendant's motion (Docket #47) is DENIED.

BACKGROUND

This case arises from the termination of Margaret MacGlashan as an employee of ABS Lincs KY, Inc., doing business as Cumberland Hall Hospital ("Cumberland Hall").

On June 6, 2013, MacGlashan was working as a nurse manager when she was notified that a patient with a known sulfa allergy had been given multiple doses of a sulfa-based antibiotic. (Docket #1). MacGlashan had the patient transferred to Blanchfield Army Community Hospital ("Blanchfield Hospital") for immediate medical care. MacGlashan then met with Cumberland Hall's CEO Jim Spruyt and Director of Nursing Sharon Shemwell to discuss the medical error. Spruyt instructed MacGlashan to

Page 1 of 4

check on the Plaintiff's status at Blanchfield Hospital. That evening, MacGlashan called Blanchfield Hospital and texted Spruyt what she had learned. (Docket #1).

The parties disagree about what occurred next. MacGlashan alleges she carried out Spruyt's order to investigate by taking the patient's medical records home to study and then personally visiting the patient the next day at Blanchfield Hospital. She claims Spruyt and Cumberland Hall became concerned about the negative attention her investigation might attract and suspended her. Plaintiff claims she was fired on the false allegation that she violated HIPAA.[1] (Docket #24, 25). Conversely, Cumberland Hall argues that MacGlashan was only authorized to call Blanchfield Hospital on the evening of June 6, 2013. Cumberland Hall claims MacGlashan unilaterally chose to personally visit the patient and that Blanchfield Hospital complained about this visit to Cumberland Hall. Cumberland Hall also says that MacGlashan had taken portions of the patient's medical records without authorization. Cumberland Hall argues that MacGlashan violated HIPAA and Cumberland Hall fired her for this reason. (Docket #21, 35).

Cumberland Hall suspended MacGlashan on June 7, 2013. On June 13, MacGlashan received a call from Shemwell and Human Resources Manager Kelly Hagy. Hagy informed MacGlashan that Cumberland Hall had decided to fire MacGlashan on the grounds that she violated HIPAA. (Docket #1).

MacGlashan seeks to introduce the expert testimony of Lisa Dahm. Dahm is an adjunct professor at the South Texas College of Law and her expertise is in HIPAA,

---

[1] Health Insurance Portability and Accountability Act of 1996.

HITECH [2] and healthcare information systems and privacy laws. Cumberland Hall seeks to exclude Dahm's testimony on the grounds that Dahm offers legal conclusions.

## DISCUSSION

"Traditionally, there was a general doctrine that witnesses could not give their opinion or conclusions on an ultimate issue of fact." *Vondrak v. City of Las Cruces*, 2009 U.S. Dist. LEXIS 94618 *25 (D.N.M. 2009). This doctrine was changed with the adopted of Federal Rule of Evidence 704, which allows testimony that "embraces an ultimate issue." Fed. R. Evid. 704(a).

"Rule 704, however, does not provide that witnesses' opinions as to the legal implications of conduct are admissible." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) (*quoting United States v. Baskes*, 649 F.2d 471, 479 (7th Cir. 1980)). "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres*, 758 F.2d at 150; *Stoler v. Penn Cent. Transp. Co.*, 583 F.2d 896, 899 (6th Cir. 1978) ("civil engineer was being asked for what amounted to a legal opinion as to what constituted an 'extra hazardous'"); *Delay v. Rosenthal Collins Group, LLC*, 2012 U.S. Dist. LEXIS 166350 *21 (S.D. Ohio); *Neth. Ins. Co. v. Lexington Ins. Co.*, 2013 U.S. Dist. LEXIS 68808 *25 (W.D. Ky. 2013).

However, courts will allow expert testimony regarding the ultimate issue provided the "issue embraced is a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994); *see also United States v. Buchanan*, 787 F.2d 477, 484 (10th Cir. 1986). This includes expert testimony on arcane or complex factual issues which have legal

---

[2] Health Information Technology for Economic and Clinical Health Act

3

significance in the case, so long as the expert is not opining as to the ultimate legal conclusion to be drawn. *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 324-25 (S.D. Ohio, 2001); *United States v. Carroll*, 518 F.2d 187, 188 (6th Cir. 1975) ("There was expert testimony that Seconal is a barbituric acid which is controlled under Schedule III"). As the *Berry* court explained:

> "When the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue. We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). The distinction, although subtle, is nonetheless important."
> *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994).

In this case, Dahm will be barred from testifying to legal conclusions such as claiming Cumberland Hall's stated reason for firing MacGlashan was a pretext. However, Dahm may testify to factual issues such as whether certain conduct violates HIPAA. *See e.g. United States v. Fogg*, 652 F.2d 551, 556-57 (5th Cir. 1981) (allowing an expert to testify as to whether certain expenses were deductible under federal tax laws).

## CONCLUSION

For the foregoing reasons, Defendant ABS Lincs KY, Inc.'s motion to exclude the testimony of Lisa Dahm (Docket #47) is DENIED.

cc:     Counsel